UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARGALY VALCOURT**

        **Plaintiff,**

**v.**                                               **Case No: 6:23-cv-2271-WWB-DCI**

**ORLANDO HEALTH, INC.,**

        **Defendant.**

## ORDER

Pending before the Court is Plaintiff's "Motion for Permission to File Electronically." Doc. 32 (the Motion). Plaintiff, proceeding *pro se*, requests that the Court grant her permission to file and receive documents electronically through CM/ECF. *Id*. Plaintiff represents that she has internet access, an email address, the ability to convert documents, and will abide by the rules governing electronic filing. *Id*. Accordingly, Plaintiff contends that if the Court grants the relief, her ability to timely file documents will be facilitated and judicial efficiency will be promoted. *Id*.

The Motion is due to be denied. As an initial matter, Plaintiff fails to comply with Local Rule 3.01(g). Plaintiff provides a "Local Rule 3.01(g) Certification" and states that "she attempted to confer with Defendant's counsel regarding this motion but was unable to do so due to pro se status and lack of direct contact." Doc. 32 at 2.

First, as stated in the Court's June 24, 2025 Order, Plaintiff, as a *pro se* litigant, is subject to the same laws and rules of court as litigants who are represented by counsel and Plaintiff must confer in person or by telephone with opposing counsel when filing motions. Doc. 27 at 2 (citing Local Rule 3.01(g)). Plaintiff's *pro se* status does not excuse her from conferral or any other requirement set forth in the Local Rules of this Court.

Second, after Attorney Anthony J. Hall withdrew as counsel in this case, he filed a Notice of Compliance reflecting that he served Plaintiff with the docket sheet via email. Doc. 28. The docket sheet includes the contact information for Defendant's counsel.[1] Accordingly, the Court is not persuaded that Plaintiff does not have the ability to have "direct contact" with counsel.

Second, assuming *arguendo* that Defendant's counsel was unavailable before Plaintiff filed the Motion, Local Rule 3.01(g)(3) required Plaintiff to try diligently for three days to contact counsel and then supplement the Motion with a statement certifying whether the parties resolved all or part of the Motion. Plaintiff did not file the supplement.

As such, Plaintiff failed to comply with Local Rule 3.01(g) and the Motion is due to be denied for this reason alone.

Also, Plaintiff has not demonstrated that relief is warranted. "Absent a court order, a pro se litigant is not permitted to file documents in CM/ECF." Admin. Proc. for Elec. Filing § B (August 1, 2025). And "[p]ro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *See Huminski v. Vermont*, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for *pro se* litigant because there was "no good cause under the circumstances of the case to authorize his access."); *see also Gerow v. Blackwell*, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause.") (citations omitted).

---

[1] On August 13, 2025, the Court cautioned Plaintiff that any further motions that fail to comply with Local Rule 3.01(g) will be stricken or denied. Doc. 34. Even though the Court's warning came after Plaintiff filed the Motion, the Motion is still due to be denied for failure to comply with Local Rule 3.01(g).

In this instance, Plaintiff has not shown any extenuating circumstances or good cause to authorize access to CM/ECF.[2] In general, Plaintiff has filed documents in a timely and appropriate manner and has requested leave of Court when relief is sought. Plaintiff's ability to use CM/ECF does not convince the Court that good cause exists to justify authorization to electronically file. Plaintiff certainly does not cite to any authority to support that argument. *See* Doc. 32.

Based on the foregoing, it is **ORDERED** that Plaintiff's Motion (Doc. 32) is **DENIED**.

Ordered in Orlando, Florida on August 26, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2] "Previously, the Court operated a web portal that allowed *pro se* litigants to file documents electronically. That service has now ended." *Gillespie v. Wilcox*, 2025 U.S. Dist. LEXIS, at *2 (M.D. Fla. Aug. 11, 2025). Effective August 1, 2025, litigants without lawyers in the Middle District of Florida are not permitted to submit filings through the Court's web portal and must submit filings in person, by U.S. Mail, or by other delivery service. www.flmd.uscourts.gov/litigants-without-lawyers.