**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARGALY VALCOURT

        **Plaintiff,**

v.                                  **Case No: 6:23-cv-2271-AGM-DCI**

ORLANDO HEALTH, INC.,

        **Defendant.**

---

**ORDER**

Pending before the Court is Plaintiff's "Renewed Motion for Permission to File Electronically (CM/ECF)." Doc. 86 (the Motion). By order dated August 26, 2025, the Court denied Plaintiff's previous request to electronically file in part because Plaintiff demonstrated an ability to timely file and Plaintiff's ability to use CM/ECF did not convince the Court that good cause existed to justify authorization. Doc. 36.

Plaintiff now "renews" the request and represents that she has an ongoing medical condition that "severely limits her ability to drive and physically travel to the courthouse." Doc. 86 at 2. Plaintiff contends that "[g]iven these limitations, relying on physical mail or personal delivery to the courthouse creates an insurmountable physical barrier" and "[t]he need for electronic filing access is now critical." *Id*. Plaintiff states that her case is currently on appeal and "there is frequent, concurrent, and time-sensitive motion practice before this Court" and "[t]he physical filing requirement actively prejudices Plaintiffs ability to litigate these frequent filings effectively and respond to docketing issues in a timely manner." *Id*.

The Motion is due to be denied. As an initial matter, Plaintiff's "renewed" request is a motion for the Court to reconsider its previous denial of the same relief. Reconsideration is an

extraordinary remedy and is only granted upon a showing of: (1) an intervening change in law; (2) the discovery of new evidence that was not available at the time the Court rendered its decision; or (3) the need to correct clear error or manifest injustice. *Fla. Coll. Of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). The Court will not reconsider a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Assn., Inc.*, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *American Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). Plaintiff does not cite to the correct standard for relief, nor does she otherwise demonstrate that reconsideration is warranted.

Also, there is no merit to the Motion. As stated in the Court's August 26, 2025 order, "[a]bsent a court order, a pro se litigant is not permitted to file documents in CM/ECF." Admin. Proc. for Elec. Filing § B (August 1, 2025). And "[p]ro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *See Huminski v. Vermont*, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for *pro se* litigant because there was "no good cause under the circumstances of the case to authorize his access."); *see also Gerow v. Blackwell*, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause.") (citations omitted).

Here, Plaintiff has not shown any extenuating circumstances or good cause to authorize access to CM/ECF. First, the case is closed, and the Court is not persuaded that Plaintiff requires access to keep up with the "highly active posture of this case" as Plaintiff describes. There is

- 2 -

simply no case or controversy before the Court and no merit to Plaintiff's claim regarding the "frequent, concurrent, and time-sensitive motion practice" happening in this Court.

Second, with respect to Plaintiff's appeal, which has been dismissed,[1] Plaintiff states that "Plaintiff is already registered with and successfully using the CM/ECF electronic filing system for the United States Court of Appeals for the Eleventh Circuit." Doc. 86 at 3. As such, the Court is not persuaded that the relief will aid in the appeal.

Finally, while Plaintiff represents that she has an "ongoing medical issue" and her ability to use the mail and drive to the courthouse is limited, Plaintiff has been able to recently file a number of motions related to sealing documents in addition to the instant Motion. Plaintiff has consistently demonstrated an ability to file in a timely and appropriate manner in this case. Even so, the Court notes that beginning June 8, 2026, a *pro se* litigant who is not incarcerated may submit a form online to receive electronic notification of future filings in his case. Indeed, the docket reflects a "NOTICE of CONSENT to Receive Notices of Electronic Filings at the email address of record by Margaly Valcourt."

Based on the foregoing, it is **ORDERED** that Plaintiff's Motion (Doc. 86) is **DENIED**.

Ordered in Orlando, Florida on June 26, 2026.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] Plaintiff has filed a motion to reinstate the appeal, which is currently pending before the Court of Appeals. Case No. 26-11096